UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SILVIO GRUESO,

v.  Case No. 8:03-cr-82-T-17EAJ
    8:04-cv-2276-T-17EAJ

UNITED STATES OF AMERICA.

_____

**O R D E R**

This cause is before the Court on Defendant Silvio Grueso (Grueso's) 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-156)

BACKGROUND

On February 25, 2003, Grueso and four others were indicted with one count of conspiring to possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine; and one count of possessing with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, both counts while on board a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix, U.S.C. § 1903(a), (g) and (j) and 21 U.S.C. § 960(b)(1)(B)(ii); and 46 Appendix, U.S.C. § 1903(a) and (g); 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii) respectively. (Doc. cr-1).

On June 18, 2003, after entering into a plea agreement with the Government (Doc. cr-74), Grueso pled guilty to count one. (Doc. cr-92). In his plea agreement, Grueso waived his right to appeal, directly or collaterally, his sentence except to the extent that the sentence imposed included an upward departure from the sentencing guidelines, was in excess of the statutory maximum, or was in violation of the law apart from the sentencing

guidelines:

> [T]he defendant . . . expressly waives the right to appeal [his] sentence, directly or collaterally, on any ground . . . except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines . . . .

(Doc. cr-74 at 12).

On June 18, 2003, during Grueso's change of plea hearing, the United States Magistrate Judge reviewed with Grueso the waiver of his right to appeal, directly or collaterally, his sentence, and asked whether he had any questions about it. (Doc. cr-159 at 15-16). Grueso responded, "No." The Court also asked if he were agreeing to that provision knowingly and voluntarily and he said "Yes." (Doc. cr-159 at 16).

> THE COURT: The last provision I need to go over is called Appeal of Sentence Waiver. And this significantly limits your right to appeal your sentence on any issue relating to the sentencing guidelines because it states that the only guidelines issue you can appeal is if the Court makes an upwards departure from the guidelines. Specifically, you can appeal three things. The first is the upwards departure from the guidelines. You can appeal a sentence which exceeds the statutory maximum penalty and you can appeal a sentence which violates the law apart from the sentencing guidelines. Do each of you understand this provision?
>
> MR. GRUESO: Yes.
>
> THE COURT: Do you have any questions?
>
> MR. GRUESO: No.
>
> THE COURT: Mr. Grueso, do you make the waiver of appeal knowingly?
>
> MR. GRUESO: Yes.
>
> THE COURT: And do you make it voluntarily?
>
> MR. GRUESO: Yes.

After reviewing the plea agreement and the statements of the facts, the Court asked

Grueso how he pled and if he were pleading because he was guilty. Grueso responded he was pleading guilty because he was guilty. (Doc. cr-159 at 26).

On November 7, 2003, the Court sentenced Grueso to 135 months incarceration, with credit for time served; and 60 months supervised release. (Docs. cr-124, 125).

Grueso did not file an appeal. On October 18, 2004, Grueso filed this timely Motion to Vacate under 28 U.S.C. § 2255 . He did not file a Memorandum of Law in support. Grueso raised the following claims:

Ground One: Ineffective Assistance of Counsel during plea stage.

Ground Two: Ineffective Assistance of Counsel during sentencing stage.

Ground Three: Ineffective Assistance of Counsel during appeal stage.

On October 25, 2004, the Court ordered the Government to file a response to Grueso's motion within twenty-five days. (Doc. cv-3). On November 3, 2004, the Government filed a Motion for an Extension of Time in which to file its response. (Doc. cv-5). The Government requested thirty days after the filing of Grueso's plea hearing and sentencing hearing transcripts. The plea hearing transcript was filed on December 10, 2004. (Doc. cr-159). The Government filed its response on January 3, 2005. Grueso filed a reply on January 24, 2005.

## DISCUSSION

A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied**.

## WAIVER

Grounds one through three have no merit and Grueso waived these claims. Grueso argues that (1) his counsel failed to inform him of the consequences of his plea, in that he

3

would be held accountable for an amount of drugs that he had no knowledge of; (2) his counsel did not argue his minor role in the offense during sentencing and that he did not know what kind of contraband was being delivered; (3) counsel did not file a notice of appeal as requested by Grueso. (Doc. cv-1 at 5). Grueso waived the right to appeal his sentence, directly or collaterally, on the grounds he raises in this 2255 motion.

The right to appeal is a statutory right that can be waived if waived knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993); *see United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997); *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). For this Court to enforce a sentence appeal waiver, the Government need only demonstrate either (1) that the Court specifically questioned the defendant concerning the sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy or (2) that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351. The critical inquiry is not the extent to which the Court reviewed the sentence appeal waiver, but the extent to which the record demonstrates the defendant's knowledge and understanding of the waiver. *See id.* (the defendant's knowledge and understanding of the waiver are among the components that constitute the core concerns of the defendant's right to be aware of the direct consequences of his guilty plea).

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. *See United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001) (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver), *cert.*

*denied*, 122 S. Ct. 821 (2003); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (same), *cert. denied*, 531 U.S. 1175 (2001); *see also Watson v. United States*, 165 F.3d 486, 488-89 (6th Cir. 1999); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *cf. Latorre v. United States*, 193 F.3d 1035, 1037 n. 1 (8th Cir.1999).

In the present case, the Court explained the sentence appeal waiver in detail and asked Grueso if he understood it. (Doc. cr-159 at 15-16). Grueso responded that he did. The court specifically questioned Grueso to as to the consequences of his plea, and asked questions designed to ensure no one had influenced him improperly:

> THE COURT: Do you understand that the charge you're pleading guilty to is a felony offense and if your plea is entered and accepted by the Court, you will be adjudicated guilty and as a result, you could lose valuable rights . . . Do you understand that these are possible consequences of your guilty plea?
>
> MR. GRUESO: Yes. . . .

(Doc. cr-159 at 18).

> THE COURT: Okay, thank you. Do you understand all the possible consequences of your plea in terms of the penalties?
>
> MR. GRUESO: Yes.

(Doc. cr-159 at 17-18).

> THE COURT: . . .[N]ow, the guidelines sentence that Judge Kovachevich adopts could be different from any estimate or prediction about your sentence that anybody has given to you. Do you understand?
>
> MR. GRUESO: Yes.
>
> THE COURT: Nevertheless, have you and your attorney talked about how the guidelines might apply to your case?
>
> MR. GRUESO: Yes.

> THE COURT: And if your sentence is different from what you expect, for whatever reason, including any estimate from your attorney, do you understand that you cannot withdraw your guilty plea because of that?
>
> MR. GRUESO: Yes.

(Doc. cr-159 at 20-21). The Court further advised Grueso that the offense to which he was pleading guilty carried a mandatory minimum of ten years up to life imprisonment. The Court asked Grueso if he understood those penalties, and he responded that he did. The record contradicts Grueso's assertions that he was unaware of the consequences of his plea. Even if the Court were to assume that Grueso's counsel did not discuss the sentencing guidelines and the statutory mandatory minimum sentence of 10 years, the Court reviewed these and other pertinent issues in great detail during the change of plea hearing. Grueso understood the consequences of a guilty plea, the maximum and minimum penalties, and the sentence appeal waiver. At the conclusion of the plea hearing, the Court found that Grueso was competent and that his plea was knowing, intelligent and voluntary and supported by an independent basis of fact as to each essential element of the offense. (Doc. cr-159 at 27).

In ground two, Grueso claims his attorney did not object to the amount of drugs listed and did not argue that as a deckhand Grueso had no knowledge of the kind or amount of the contraband; therefore, he was a minor participant. This failure on the part of counsel, according to Grueso, resulted in his receiving a greater sentence. (Doc. cv-1 at 5). This claim is also waived and has no merit. Grueso was charged with possession with intent to distribute five kilograms or more. (Doc. cr-1). Grueso's plea agreement's factual basis states that he and others transported approximately 2400 kilograms of cocaine. (Doc. cr-74 at 14). These facts were read to Grueso during the plea hearing. (Doc. cr-159 at 25).

Grueso agreed with these facts. Based on this, the Presentence Report (PSR) computed Grueso's base offense level at 38. (PSR ¶ 18). Because Grueso met the criteria of USSG § 5C1.2(Limitations on Applicability of Statutory Minimum Sentences), his base offense level was decreased by two levels to 36. (Id. at ¶ 19). Section 5C1.2(a)(4) USSG specifically gave Grueso credit for his minor role in the offense. Grueso received a three-level reduction for acceptance of responsibility and cooperation for a total offense level of 33. (Id. at ¶¶ 24-26). Based on a total offense level of 33 and a criminal history category of 1, the guideline range was 135-168 months. (Id. at ¶ 49). Grueso was sentenced at the bottom of the guidelines range --135 months, and was given credit for time served. Judgment was entered (Docs. cr-124, 125).

Because Grueso's sentencing challenge is, in essence, solely a challenge to the Court's application of the guidelines, his claim does not fall within the exception to his appeal waiver, which allows him to appeal only an upward departure from his guidelines range, a sentence imposed in excess of the statutory maximum, or a sentence imposed "in violation of law apart from the sentencing guidelines." (Doc. cr-74 at 12).

Grueso's claims on grounds one and two have no merit and are waived.

If this Court entertained the issues that Grueso raises in this 2255, the Court would be permitting Grueso a collateral appeal or attack in contravention of the plain meaning of his plea agreement and denying the Government the benefit for which it bargained. *See Buchanan*, 131 F.3d at 1008; *see also United States v. Wenger*, 58 F.3d 280, 282 (7thCir. 1995) (defendant exchanged his right to appeal for prosecutorial concessions; "he cannot have his cake and eat it too"); *United States v. Bolinger*, 940 F.2d 478, 480 (9thCir. 1991) (rejecting interpretation of plea agreement that would contravene its plain meaning and

would make sentence appeal waiver meaningless). *See Buchanan*,131 F.3d at 1008 ("where it is clear from the plea agreement and the Rule 11 colloquy .. . that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced without requiring the Government to brief the merits of the appeal"); see also *Benitez-Zapata,* 131 F.3d at 1446; *Wenger*, 58 F.3d at 280 (appeal dismissed based on sentence appeal waiver); *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992) (same); *United States v. Rutan*, 956 F.2d 827, 829 (8thCir. 1992) (same); *United States v. Wiggins*, 905 F.2d 51, 52-54 (4th Cir. 1990) (same).

INEFFECTIVE ASSISTANCE OF COUNSEL

Grueso claims his counsel was ineffective because (1) he failed to inform him of the consequences of his plea; (2) he did not argue his minor role in the offense during sentencing;(3) did not file a notice of appeal. (Doc. cv-1 at 5). Not only have these claims been waived, they are meritless. The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the accused has the burden to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating conviction if: (1) counsel's performance fell below an objective standard of reasonable professional assistance; and (2) the defendant was prejudiced by the deficient

performance. *Strickland,* 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."*Strickland*, 466 U.S. at 697. Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *See Coulter v. Herring*, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' " *Chandler v. United States*, 218 F.3d 1305,131 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)), *cert. denied*, 531 U.S. 1204 (2001). Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Id. (citing *Strickland*, 466 U.S. at 688). This burden of persuasion, though not insurmountable, is a heavy one. *See id.* at 1314 (citing *Kimmelman v. Morrison*, 477 U.S. 365 (1986)).

"'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts "must avoid second-guessing counsel's performance." *Id.* at 1314 (quoting *Strickland*, 466 U.S. at 689). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Id.* (quoting *Darden v. Wainwright*, 477 U.S. 168(1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. *See id.* at 1314-15 n.15.Thus,

the presumption afforded counsel's performance "is not . . . that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." *Id.* Rather, the presumption is "that what the particular defense lawyer did at trial. . . were acts that some reasonable lawyer might do." *Id.* Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." *Id.* at 1315. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." *Id.* To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Id. at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." *Id.* at 1317. Considered in light of these standards, the performance of Grueso's counsel was not constitutionally deficient and, in any event, Grueso was not prejudiced thereby.

Ineffective Assistance of Counsel For Plea

Grueso makes ineffective assistance of counsel claims relating to the plea process. Specifically, he argues that his counsel failed to inform him of the consequences of his plea. (Doc. cv-1 at 5).

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of Strickland remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill*, 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505,

1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. Hill, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, the petitioner claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.*

Grueso's claims that his lawyer did not explain the consequences of his plea is contradicted by the record. The record shows that the court questioned Grueso regarding his counsel's performance and that Grueso was satisfied:

> THE COURT: . . .[H]ave you had a chance to review the Indictment and discuss this case with your attorney?
>
> MR. GRUESO: Yes.
>
> THE COURT: Have you had all the time you need with your attorney to decide what is best for you in this case?
>
> MR. GRUESO: Yes.
>
> THE COURT: Do you need more time with your attorney today before going forward with this hearing?
>
> MR. GRUESO: No.
>
> THE COURT: Are you fully satisfied with the advice and representation your attorney has provided to you in this case?
>
> MR. GRUESO: Yes.

(Doc. cr-159 at 10-11).

While discussing the written plea agreement, the court had the following exchange with Grueso:

> THE COURT: . . . [H]ave you and your attorney talked about how the guidelines might apply to your case?
>
> MR. GRUESO: Yes.

Grueso told the court, under oath, that his counsel had discussed with him the indictment (Doc. cr-159 at 10), the sentencing guidelines (Doc. cr-159 at 20), and that the plea agreement, which clearly states the penalties of the offense, had been translated into Spanish for him. (Doc. cr-159 at 12). The record thus categorically contradicts Grueso's claims.

## Ineffective Assistance of Appellate Counsel

Grueso argues that appellate counsel was ineffective in that he failed to file a notice of appeal. (Doc. cv-1 at 5).

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that when a defendant alleges that his counsel was ineffective in failing to file an appeal, examination of the performance prong of the *Strickland* test should begin with resolution of the question of whether counsel consulted with the defendant about an appeal. 528 U.S. at 478. If counsel did consult with the defendant, counsel performed in a professionally unreasonable manner only if counsel failed to follow the defendant's express instructions with respect to an appeal. *Id.*

If counsel did not consult with the defendant, the court must resolve the question whether counsel had an obligation to consult with the defendant about an appeal. *Id.*

Counsel has a "constitutionally-imposed duty" to consult with the defendant about an appeal when there is reason to believe: (1) that a rational defendant would want to appeal; or (2) that the particular defendant at issue reasonably demonstrated to counsel that he wanted to appeal. *Id.* at 479-80. In making this determination, courts must take into account all the information counsel knew or should have known at the time. *Id.* Highly relevant factors include whether the conviction resulted from a trial or a plea, and whether the defendant expressly waived his appellate rights. *Id.*

Because the failure to file a notice of appeal results, not in the denial of a fair proceeding, but in the denial of a proceeding altogether, the prejudice prong of the *Strickland* test for ineffectiveness of counsel in this context requires the defendant to demonstrate that, but for his counsel's omission, there is a reasonable probability that he would have timely appealed. *Flores-Ortega*, 528 U.S. at 480. If a defendant can make this showing, he is entitled to a belated appeal without regard to the merits of his forfeited appeal. *Id.* at 481-82; *see also Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996). While demonstration of nonfrivolous grounds for appeal may be adequate to show a reasonable probability that a defendant would have timely appealed, failure to demonstrate nonfrivolous grounds for appeal does not foreclose the possibility that a defendant may establish prejudice. *See* 528 U.S. 481-82.

The record in this case does not support a finding of either deficient performance or prejudice. Grueso offers no proof other than his self-serving statement that he asked his attorney to file a notice of appeal. At the plea hearing, the Court told Grueso:

> The Government may have a right to appeal your sentence; although your right to appeal is very limited by that part of your plea agreement that we talked about.

(Doc. cr-159 at 22). Grueso did not have any questions about this statement. The record does not support a finding that Grueso's counsel performed deficiently by failing to follow his express instructions.

Grueso's counsel did not have a constitutionally-imposed duty to consult with him about an appeal because nothing in the record suggests that a rational defendant would have wanted to appeal or that Grueso reasonably demonstrated that he wanted to appeal. *See Flores-Ortega*, 528 U.S. 478-80. Grueso had pled guilty, waiving the right to appeal any non-jurisdictional defects in the proceedings before the plea. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *United States v. Sepe*, 474 F.2d 784, 788 (5th Cir. 1973). Moreover, Grueso received a very favorable sentence at the low end of the sentencing guidelines. While Grueso need not allege meritorious grounds in order to establish any prejudice resulting from counsel's failure to appeal, that Grueso received a favorable sentence and had no viable grounds for appeal made it reasonable for Grueso's counsel to conclude that a rational defendant would not want to appeal. *See Flores-Ortega*, 528 U.S. 478-80. Moreover, Grueso has not established that, by his actions, he reasonably demonstrated his desire to appeal before the time for filing an appeal had passed. Based on his motion to vacate and the record now before this Court, Grueso has not established any entitlement to relief based on ineffective assistance of counsel.

Grueso's arguments in his reply are not persuasive and Grueso is not entitled to an evidentiary hearing. Grueso has the burden of establishing the need for an evidentiary hearing, *see Birt v. Montgomery*, 725F.2d 587, 591 (11th Cir. 1984) (en banc). He would be entitled to a hearing only if his allegations, if proved, would establish his right to collateral relief. *See Townsend v. Sain*, 372 U.S. 293, 307 (1963). "Under Rules Governing

Section 2255 Cases, Rule4(b), a district court faced with a § 2255 motion may make an order for its summary dismissal "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. § 2255). Accordingly, no hearing is required when the record establishes that a section 2255 claim is waived and lacks merit. *See United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984).

Grueso has not established any basis for an evidentiary hearing because the claims raised in his petition are meritless and waived.

Accordingly, the Court orders:

That Grueso's motion to vacate (Doc. cv-1; cr-156) is denied. The Clerk is directed to enter judgment against Grueso in the civil case and to CLOSE THAT CASE.

ORDERED in Tampa, Florida, on September 28, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: James Preston, Jr.
Pro se Litigant: Silvio Grueso